**IN THE UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK
MANHATTAN DIVISION**

| | |
|---|---|
| IN THE MATTER OF: ) | |
| ) | |
| **AIXA RODRIGUEZ** ) | **CASE NO. 12-14096(SHL)** |
| ) | |
| ) | |
| Debtor. ) | |
| _____ ) | |
| ) | |
| **AIXA RODRIGUEZ** ) | **ADV. PROC. NO._____** |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| **WELLS FARGO BANK, NA AS TRUSTEE** ) | |
| **FOR SECURITIZED ASSET BACKED** ) | |
| **RECEIVABLES LLC TRUST 2005-FR2** ) | |
| **MORTGAGE PASS THROUGH** ) | |
| **CERTIFICATES, SERIES 2005-FR2"** ) | |
| and ) | |
| **OCWEN LOAN SERVICING LLC** ) | |
| ) | |
| Defendantss. ) | |

**COMPLAINT OF THE DEBTOR PURSUANT TO 11 U.S.C. SECTION 506(A) AND
BANKRUPTCY RULE 3012 TO DETERMINE THE VALUE OF
SECURITY AND CREDITOR'S ALLOWED SECURED CLAIM
AND
COMPLAINT FOR DAMAGES, SANCTIONS AND INJUNCTIVE RELIEF**

**I. INTRODUCTION**

1.1    This is an action for actual and punitive damages filed by the Debtor / Plaintiff, Aixa

Rodriguez, (hereinafter "Plaintiff" or "Debtor") pursuant to Sections 105, 362, 501, 502, 503

and 506 of the Bankruptcy Code, and Rules 2016(a), 3001, 7001(1), 7001(2), 7001(7), 7001(8)

and 7001(9) of the Federal Rules of Bankruptcy Procedure to determine the interest of the

1

Defendantss in the residential real estate of the Debtor and determine the amount of the allowed secured claim, if any, of the Defendants.

1.2     This is also an action for damages brought by the Debtor, who is a consumer, against Defendants "Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2" ("Wells Fargo") and Ocwen Loan Servicing LLC's ("Ocwen").

1.3     This Complaint focuses on the improper accounting of escrow, fees, charges and misapplication of payments by Ocwen in its claims as purported servicer against the Debtor's estate for improper amounts owed as certified by employees of Ocwen and its attorneys.

1.4     This complaint focuses on the improper add on charges and fees reflecting in the Defendants's proof of claim.

1.5     This Complaint focuses on the fraud perpetrated on the Court and the Plaintiff by filing a false proof of claim and the Defendants' fraudulent misrepresentation of the owner of the Debtor's Mortgage Loan and the identity of the real party in interest.

## II.     PARTIES

**2.1**     The Plaintiff s in this case were and are Debtor under Chapter 13 of Title 11 of the United States Code in case number 12-14096(shl) which case was filed on September 29, 2012 and is presently pending before this Court.

**2.2**     The Defendant, Ocwen is a corporation that originates, purchases, sells, and/or services residential mortgage loans. Defendants is headquartered in West Palm Beach, Florida.  Ocwen purports to be the mortgage servicer of the mortgage loan debt which is subject of this complaint. Ocwen may be served at Ocwen Loan Servicing LLC c/o Corporation Service Company 2711

2

Centerville Road, Suite 400, Wilmington, DE 19808 and at Ocwen Loan Servicing LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

**2.3** The Defendant, "Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2" ( ("Wells Fargo") is a New York Common law securitized trust and named as the creditor as named in the proof of claim.

**2.4** Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2 may be served through its servicer at Ocwen Loan Servicing LLC c/o Corporation Service Company 2711 Centerville Road, Suite 400, Wilmington, DE 19808 and at Ocwen Loan Servicing LLC, 1661 Worthington Road, Suite 100, West Palm Beach, FL 33409.

**2.5** Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2 is not registered with the Security Exchange Commission and may not in fact exist at all.

### III.    COMPLAINT

**A.  Jurisdiction**

3.1    Jurisdiction is conferred on this Court pursuant to the provisions of Section 1334 of Title 28 of the United States Code in that this proceeding arises in and is related to the above-captioned Chapter 13 case under Title 11 and concerns property of the Debtor in that case.

3.2    Jurisdiction is further conferred on this Court by 15 U.S.C. § 1640(e) and 28 U.S.C. §§ 1331, 1337.

3.3     This Court has both personal and subject matter jurisdiction to hear this case pursuant to Section 1334 of Title 28 of the United States Code, Section 157(b)(2) of Title 28 of the United States Code.

3.4     This Court has supplemental jurisdiction to hear all state law claims, if any, pursuant to Section 1367 of Title 28 of the United States Code.

3.5     The Plaintiff is informed and believes that this matter is primarily a core proceeding and therefore the Bankruptcy Court has jurisdiction to enter a final order.  However, in the event this case is determined to be a non-core proceeding then and in that event the Plaintiff consent to the entry of a final order by the Bankruptcy Judge.

**B.  VENUE**

3.6     Venue lies in this District pursuant to Section 1391(b) of Title 28 of the United States Code.

**C.  ADDITIONAL FACTS**

3.7     On or about January 5, 2005, non-party "Fremont Investment & Loan" a California Corporation (hereinafter "Fremont" or "Originating Lender") made a mortgage loan to Plaintiff for the purpose of acquiring shares of a cooperative apartment, more formally known 763 Van Nest Avenue, Bronx, NY 10462 (the "Property"), referred to in this Complaint as the "First Mortgage Loan."

3.8     In connection with the First Mortgage Loan the Plaintiff, based on information and belief, executed a promissory note (the "First Mortgage Note") in the original principal amount of $369,750.00 payable to Fremont.

3.9     The First Mortgage Note was secured by a Loan Security Agreement on the Property dated January 5, 2005 and based upon information and belief, is recorded in the Bronx County,

4

New York, Office of the City Register (the "First Mortgage"), which named Fremont Investment & Loan as the Lender.

3.10    The First Mortgage Loan is a consumer credit transaction within the meaning of, and subject to, TILA.

3.11    The First Mortgage Loan is a "federally related mortgage loans" as defined in 12 U.S.C. § 2602(1).

**COUNT 1**
**IV.    OBJECTION TO PROOF OF CLAIM**

**4.1**    The allegations of paragraphs 1.1 through 3.11 of this Complaint are hereby re-alleged and incorporated by reference.

**4.2**    Ocwen filed Proof of Claim Number 6-1 identifying the creditor as "Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2" and identifying itself, Ocwen, as the party to receive consumer payments, trustee payments and notices at its facilities in West Palm Beach, Florida. Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2 based upon information and belief is either an incorrect name and/or otherwise does not exist as it is not registered with the Security Exchange Commission.

The following documents in support of its claim:

    a.    "Mortgage Proof of Claim Attachment" indicating allegations of amounts owed including unsubstantiated late fees and charges;

    b.    A copy of an account statement dated August 17, 2012;

    c.    A copy of an escrow account statement dated October 3, 2012;

d. A purported copy of the Debtor's Mortgage naming Fremont as the Lender together with recording and endorsement page , and bearing no further proof of assignment or transfer;

e. A purported copy of the Debtor's Note made payable to Fremont and bearing no further indorsement, proof of transfer or assignment.

**4.3** Plaintiff objects to the Proof of Claim 6-1 on the following grounds:

**4.4** The Note affixed to the proof of claim as per FRBP 3001(c) and FRBP 9011 to be a duplicate of the original. The Note is in favor of Fremont Investment & Loan and is otherwise not endorsed. The Note is unenforceable by the named creditor, Wells Fargo Bank, NA as Trustee or its purported servicer, Ocwen.

**4.5** The Mortgage affixed to the to the proof of claim is required and certified to be true copy of the original as per FRBP 3001(c) and 9011 to be a duplicate of the original. The Mortgage is in favor of the lender, Fremont, not the named creditor or its servicer. There is no assignment of mortgage attached to the proof of claim and despite passage of time, the same has not been amended. The named creditor does not maintain a valid lien on the Debtor's property.

**4.6** The Proof of Claim is padded with unsubstantiated and charges, designed to extract additional and substantial profits from the servicing of Debtor's mortgage loan and from the property of this bankruptcy estate to the detriment of Debtor and unsecured creditors.

**4.7** Claimant failed to attach any supporting documentation to support its claims for interest, Late charges, escrow shortage, inspection fees, the use of a suspense account and other fees so noted in the proof of claim. This failure to attach supporting documentation violated Bankruptcy Rule 3001(c).

**4.8** Upon information and belief, the claimed pre-petition inspection fees, and escrow advance were neither reasonable nor necessary, are not supported by time and expense records, and have been claimed in violation of Section 506(b) of the code and Bankruptcy Rule 2016(a).

**4.9** Upon information and belief, Claimant does not have standing, and has not established that it acquired the note and the mortgage as required by law and Claimant has further failed its burden of proving the debt it alleges is owed to it.

### B. LACK OF STANDING / REAL PARTY IN INTEREST

**4.10** The allegations in paragraphs 1.1 through 4.9 of this complaint are realleged and incorporated herein by this reference.

**4.11** There is no documentation provided in Proof of Claim #6-1 proving a complete chain of title from the originating lender, Fremont Investment & Loan, to the named creditor/defendant Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2 or its allged servicer, the Defendant Ocwen.

**4.12** The creditor must prove that it is the real party in interest as the rightful owner and holder of both the Note and the Mortgage and that it has the legal right to enforce the same; Defendants are the parties responsible for filing Proof of Claim 6-1 and have failed to meet this burden.

**4.13** There was no writing filed with the Proof of Claim demonstrating the purported creditor's interest on the property securing such claim in violation of B.R. 3001(c).

**4.14** There is no apparent chain of transfers attached to the proof of claim to explain how or when the purported creditor came to allegedly own the Debtor' loan.

**4.15** A federal Court cannot have jurisdiction unless a party has constitutional standing. The claimant fails to provide any credible evidence as to if and when a negotiation of the Note to the Creditor ever occurred.

**4.16** Defendants Ocwen and Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2 are therefore, not a creditor or the real party in interest and has no standing to file the instant motion.

**4.17** Neither Defendants Ocwen nor Wells Fargo Bank, NA as Trustee for Securitized Asset Backed Receivables LLC Trust 2005-FR2 Mortgage Pass Through Certificates, Series 2005-FR2 have constitutional standing to file the instant sworn proof of claim in the Plaintiff's Chapter 13 case.

**4.18** In the bankruptcy courts, procedure is governed by the Federal Rules of Bankruptcy and Civil Procedure. Procedure has an undeniable impact on the issue of who can assert a claim as a holder, because pleading *and* standing issues which arise in the context of our federal court system. According F.R.Civ. Pro. 17, *"[a]n action must be prosecuted in the name of the **real party in interest***. (emphasis added)

**4.19** A Proof of Claim is subject to Fed.Rules Bankr. Pro. 7017 which is a restatement of F. R. Civ. P. 17.

**4.20** The Plaintiff avers that the *real party in interest* in a federal action to enforce a note, whether in bankruptcy court or federal district court, is the *owner* of a note. Because the actual name of the actual note owner is not stated and there is no connection between the named creditor and the copy of the Note provided, the creditor's very claim is defective.

**4.21** In the case at bar, the claimant, Defendants Ocwen and Wells Fargo, establish only that they are neither the holder nor the owner of the note. Defendants Ocwenand Wells Fargo fail to

8

establish that Wells Fargo has a beneficial interest in the copy of the Note, or that it ever had a beneficial interest in the copy of the Note affixed to its proof of claim.

**4.22** The United States Constitution Article III §2 specifically limits the jurisdiction of the federal courts to "Cases or Contreversies." Justice Powell delivered the Opinion of the Supreme Court in the case of Warth v. Seldin addressing the question of standing in a federal court as follows:

> In essence, the question of standing is whether the litigant is entitled to have the court decide the merits of the dispute or of the particular issues. This query involves both constitutional limitations on federal court jurisdiction and prudential limitations on its exercise. In its constitutional dimension, standing imports judiciability: whether the Plaintiff has made out a ―case or controversy‖ between himself and the Defendants within the meaning of Art.III. This is the threshold question in every federal case, determining the power of the court to entertain the suit. As an aspect of judiciability, the standing question is whether the Plaintiff has ―alleged such a personal stake in the outcome of the controversy‖ as to warrant *his* invocation of federal –court jurisdiction and to justify exercise of the court's remedial powers on his behalf. Baker v. Carr 369 U.S.186,204, 82 S.Ct. 691, 703, 7 L.Ed.2d 663(1962). The Art. III judicial power exists only to redress or otherwise to protect against injury to the complaining party…A Federal court's jurisdiction therefore can be invoked only when the Plaintiff himself has suffered ―some threat or actual injury resulting from the putatively illegal action…‖ Linda R.S. v. Richard D., 410 U.S. 614, 617, 93 S.Ct. 1146,1148, 35 L.Ed.2d 536 (1973).‖ Warth v. Seldin 422U.S.490, 498 (1975)
>
> Apart from this minimum constitutional mandate, this Court has recognized other limits on the class of persons who may invoke the courts' decisional and remedial powers. … even when the Plaintiff has alleged injury sufficient to meet the ―case or controversy‖ requirement, this Court has held that the **Plaintiff generally must assert his own legal rights and interests and cannot rest his claim to relief on the legal rights or interests of third parties**. E.g., Tilestion v. Ullman, 318 U.S. 44, 63 S.Ct. 493, 87 L.Ed. 603 (1943).‖ Warth v. Seldin 422U.S.490, 499 (1975) (**emphasis added**)

**4.23** The Plaintiff in the instant case reiterates that a party seeking relief in any Federal Court "bears the burden of demonstrating standing and must plead its components with specificity."

*Coyne v American Tobacco Company, 183 F.3d 488, 494 (6th Cir. 1999)*. Again, the minimum

constitutional requirements for standing are: proof of injury in fact, causation, and redressability. *Valley Forge Christian College v Americans United for Separation of Church & State, Inc.*, 454 U.S. 464, 473 (1982). Furthermore, in order to satisfy the requirements of Article III of the United States Constitution, any claimant asserting rights in a Federal Court must show he has personally suffered some actual injury as a result of the conduct of the adverse party. *Coyne*, 183 F.3d at 494; *Valley Forge,* 454 U.S. at 472.

**4.24**   As set forth hereinabove, the claimant can make no assertions as to its own interest in the outcome of the instant claim it is making, nor does claimant make any mention of any perceived injury to itself.

**4.25**   Defendants Ocwen and Wells Fargo have not shown that it has any stake in the ownership of the Note and Mortgage as either a holder or owner. Any attempt to indicate themselves as an owner of the Plaintiff's loan has been by way of fraudulent and misleading documents by persons who lack any personal knowledge.

**4.26**   Defendants Ocwen must demonstrate *how, when and from whom* it derived their alleged rights.  In re Tandala Mims, 10- 14030(mg/scc), the Hon. Judge Martin Glen denied Wells Fargo's  first attempted Motion for Relief from Stay on the Court's own motion in a written opinion dated October 27, 2010.  Thereafter, Wells Fargo renewed its motion a second time, claiming, in part, possession of the original note endorsed in blank.  The court was not convinced, stating in its December 9, 2010 Order denying Wells Fargo's Renewed Motion for Relief From Stay  as follows:

> "With respect to the assignment of the note and mortgage, the October 27 Opinion stated: 'An assignment in anticipation of bringing a lift-stay motion does not in and of itself indicate bad faith. However, in the absence of a credible

> explanation, *describing how, when and from whom Wells Fargo derived its rights, relief from the stay will not be granted.*' Mims, 438 B.R. at 57 (emphasis added). The Renewed Motion provides some but not all of this information."

A copy of Judge Glenn's order denying Wells Fargo's Renewed Motion for Relief from Stay appears in the Mims ECF Docket as Document #42.

**4.27** In the instant case as in the Mims case, there is a complete lack of any credible explanation describing how, when and from whom Defendants Ocwen derived its rights. There is a clear question of fact as to the issue of Defendants Ocwen's standing to bring a claim.

**4.28** To the extent Ocwen filed the Proof of Claim, it constitutes a gross and willful violation of the Automatic Stay pursuant to 11 U.S.C. section 362(a)(3) by the Defendants.

**4.29** As a result of the violation of the automatic stay as described herein, all Defendants are liable to the Plaintiff for actual damages, punitive damages and legal fees under 362(k)(1) of the Bankruptcy Code.

## V.     CLAIM FOR RELIEF: DECLARATORY JUDGMENT

**5.1** The allegations in paragraphs 1.1 through 4.29 of this complaint are realleged and incorporated herein by this reference.

**5.2** At no time relevant to the allegations herein were Wells Fargo or Ocwen the actual holder and the lawful owner of the mortgage note originally signed by the Plaintiff.

**5.3** Therefore, the Defendants have no constitutional standing to file a claim or otherwise participate in this Chapter 13 proceeding.

**5.4** Because the Defendants are not the actual holder and lawful owner or assignee of the mortgage, Defendants have no security interest, and no right to seek to collect money from

11

Plaintiff .

**5.5**    As a result thereof the Defendants should be ordered to pay back to the Chapter 13 Trustee all funds received on the arrearage claim and all funds received from the Plaintiff in the form of direct mortgage payments, pre and post petition.

**5.6**    Plaintiff seeks a declaratory judgment holding that neither Ocwen nor Wells Fargo have an enforceable secured or unsecured claim against the property of the estate in bankruptcy; and

**5.7**    Plaintiff also seeks a judgment declaring Defendants' claimed security interest void pursuant to 11 U.S.C. § 506(d).

## VI.    CLAIM FOR RELIEF: FRAUD ON THE COURT INCLUDING FALSE AND FRAUDULENT PROOF OF CLAIM

**6.1**    The allegations in paragraphs 1.1 through 5.7 of this complaint are realleged and incorporated herein by this reference.

**6.2**    The proof of claim filed by Ocwen and/or Wells Fargo was false and fraudulent for the following reasons:

    A. It included a note bearing no endorsement;

    B. Neither Ocwen nor Wells Fargo actually owns the Plaintiff s' note or have constitutional standing to file a proof of claim;

    C. It includes fees that were excessive, unsubstantiated and/or that were neither reasonable nor necessary;

**6.3**    This Court has authority under 11 U.S.C. § 105(a) to "issue any order, process or judgment that is necessary or appropriate to carry out the provisions of this title."

**6.4**    The Court should impose sanctions on Defendants for filing an improper claim in this case. Plaintiff therefore requests that Court invoke the powers granted to it by 11 U.S.C. §

12

105(1) and issue such order, process or judgment necessary to address the fraud of the Defendants and to prevent any future fraud or abuse of process. In the alternative, the Plaintiff s request this Court to waive the pre-notice time requirements of Rule 9011 of the Bankruptcy Rules and to impose sanctions under that Rule.

WHEREFORE, Plaintiff  prays:

A. That the Court disallow and strike the Proof of Claim Number 6-1;

B. That the Court direct the Chapter 13 Trustee to strike the Proof of Claim;

C. That Ocwen and Wells Fargo be precluded from filing any amended, modified, or substitute claim in this case;

D. That the alleged arrearages contained in the Proof of Claim be canceled and forever discharged;

E. That Claimant be required to pay legal fees and expenses to the attorney for Plaintiff ;

F. That the Claimant provide a complete accounting of the Debtor' mortgage loan account, forthwith.

G.  That Defendants claimed security interest be declared void pursuant to 11 U.S.C. § 506(d); and

H. That Plaintiff have such other and further relief as the Court may deem just and proper.

WHEREFORE, Plaintiff prays that the Court grant the relief requested herein.

This the 28th Day of February, 2013

RESPECTFULLY SUBMITTED,

/S/ LINDA M. TIRELLI
Linda M. Tirelli, Esq.
Garvey Tirelli & Cushner, Ltd.
Attorney for Debtor
50 Main Street, Suite 390
White Plains NY 10606
Phone: (914)946-2200/Fax: (914)946-1300